B1 (Official Form 1) (01/08)

| United States Bankruptcy Court<br>**Northern District of Illinois, Eastern Division** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Weiner, Garry A.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Weiner Pamela  S.** |
|---|---|
| All Other Names Used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names Used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  -1381 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  -9246 |
| Street Address of Debtor (No. and Street, City, and State):<br>1525 Woodland Dr.<br><br>Deerfield, IL                   60015 | Street Address of Joint Debtor (No. and Street, City, and State):<br>1525 Woodland Dr.<br><br>Deerfield, IL                   60015 |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business:<br>Lake |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

☒ Individual (includes Joint Debtors)
   See Exhibit D on page 2 of this form.
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed**   (Check one box)

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incured by an individual primarily for a personal, family, or house-hold purpose.
☐ Debts are primarily business debts.

**Filing Fee**   (Check one box.)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (Applicable to individuals only)
   Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owned to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check all applicable boxes:**
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,000<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,000<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s):   WEINER, Garry A., and Pamela S. |
|---|---|

**All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet.)**

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

<table>
<tr>
<td> <b>Exhibit A</b> <br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td> <b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.) <br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   /s/ John R. Mack                                      6/17/13<br>                                                              Date</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgement for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B1 (Official Form 1) (01/08)                                                                Page 3

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s):   WEINER, Garry A., and Pamela S. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   /s/Garry A. Weiner
_____
Signature of Debtor
X   /s/Pamela S. Weiner
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)
6/19/13
_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X   _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X   /s/ John R. Mack
_____

John R. Mack
_____
Printed Name of Attorney for Debtor(s)
John R. Mack, Attorney at Law
_____
Firm Name
128 W. St. Charles Rd.
_____
Address
Villa Park, IL 60181
_____

630-833-5470
_____
Telephone Number
6/17/13
_____
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notice and information required under 11 U.S.C. 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X   _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re: _____WEINER, Garry A., and Pamela S._____   Case No. _____
_____**Debtor**_____   _____(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.

☒   1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐   2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.

☐  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. [Summarize exigent circumstances here.]

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐  4. I am not required to receive a credit counseling briefing because of: [Check the applicable statement.][Must be accompanied by a motion for determination by the court.]

    ☐  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor    /s/Garry A. Weiner

Date:   6/19/13

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re:      WEINER, Garry A., and Pamela S.                     Case No. _____
              **Debtor**                                                      (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.

☒    1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐    2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.

☐  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. [Summarize exigent circumstances here.]

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐  4. I am not required to receive a credit counseling briefing because of: [Check the applicable statement.][Must be accompanied by a motion for determination by the court.]

☐  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor: /s/Pamela S. Weiner _____

Date:  __6/19/13_____

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re:      WEINER, Garry A., and Pamela S.      Case No. _____

                        **Debtor**                                (if known)

                                                      Chapter              7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $650,000.00 | | |
| B - Personal Property | Yes | 5 | $7,550.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $788,719.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | $34,210.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | $592,246.35 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $4,691.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $9,037.64 |
| TOTAL | | 24 | $657,550.00 | $1,415,175.35 | |

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois, Eastern Division

| | | |
|---|---|---|
| In Re: | WEINER, Garry A., and Pamela S. | Case No. |
| | **Debtor** | (if known) |
| | | Chapter      7 |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E)(whether disputed or undisputed) | 1,100.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0 |
| Student Loan Obligations (from Schedule F) | 31,350.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0 |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 4,691.00 |
| Average Expenses (from Schedule J, Line 18) | 9,037.64 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | 5,625.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" COLUMN | | 0 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $34,210.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column. | | 0 |
| 4. Total from Schedule F | | $592,246.35 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $592246.35 |

In Re:  ___WEINER, Garry A., and Pamela R._____    Case No. _____
                                                                        (if known)
        **Debtor**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community".  If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 1525 Woodland Dr. Deerfield, IL  60015 | Joint tenant | | 650,000.00 | 679,000.00 |
| | | Total | $650,000.00 | |

In Re: ___WEINER, Garry A., and Pamela L.___    Case No. _____
         **Debtor**                                        (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the same case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint or Community".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state the person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | on each person | | 200.00 |
| 2.  Checking, savings or other financial accounts, CD's, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives. | | at US Bank, Deerfield, IL<br>-Checking, Wife's Business: $800<br>-Savings: $50.00 | | 850.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | at residence | | 1,500.00 |

Official Form 6B (12/07)

In Re:    WEINER, Garry A., and Pamela A.                                              Case No.
                        **Debtor**                                                                                      (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | at residence | | 200.00 |
| 6.  Wearing apparel. | | normal apparel, at residence | | 400.00 |
| 7.  Furs and jewelry. | | wedding bands, at residence | | 400.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. | X | | | |
| 12. Interest in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

In Re: _____ WEINER, Garry A., and Pamela S. _____ Case No. _____
                                          **Debtor**                                          (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | *Garry Alan Design, Inc., per state annual report | | 1,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | *husband's business, uncollectable? | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in real estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Official Form 6B (12/07)

In Re: _____ WEINER, Garry A., and Pamela S. _____
                                    Debtor                                                    (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent or unliquidated claims of every nature, including tax refunds, counter-claims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations contain-ing personally identifiable information provided to the debtor by individuals in connection with obtaining a product or service from the debtor pri-marily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | at residence: '11 Honda CRV, LEASED '06 Audi, co-signed with son, Zach, est. $3,000 - $3500 loan bal. '11 328I, LEASED | | 3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Official Form 6B (12/07)

In Re:    WEINER, Garry A., and Pamela A.    Case No.
                    **Debtor**                                (if known)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |
| | | | Total | $7,550.00 |

Official Form 6C (12/07)

In Re:   _____WEINER, Garry A., and Pamela S._____
                         **Debtor**                                                                              (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  Check if debtor claims a homestead exemption that exceeds $136,875.

☒  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 1525 Woodland Dr. Deerfield, IL  60015 | 735-5/12-901 | 20,000.00 | 650,000.00 |
| on each person | 735-5/12-1001(b) | 200.00 | 200.00 |
| at US Bank, Deerfield, IL -Checking, Wife's Business: $800 -Savings: $50.00 | 735-5/12-1001(b) | 850.00 | 850.00 |
| at residence | 735-5/12-1001(b) | 1,500.00 | 1,500.00 |
| at residence | 735-5/12-1001(b) | 200.00 | 200.00 |

Official Form 6C (12/07)

In Re:  _____WEINER, Garry A., and Pamela J._____     Case No. _____
                              **Debtor**                                                        (if known)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| normal apparel, at residence | 735-5/12-1001(b) | 400.00 | 400.00 |
| wedding bands, at residence | 735-5/12-1001(b) | 400.00 | 400.00 |
| *Garry Alan Design, Inc., per state annual report | 735-5/12-1001(b) | 1,000.00 | 1,000.00 |
| at residence:<br>'11 Honda CRV, LEASED<br>'06 Audi, co-signed with son, Zach, est. $3,000 - $3500 loan bal.<br>'11 328I,  LEASED | 735-5/12-1001(c) | 3,000.00 | 3,000.00 |

In Re:   WEINER, Garry A., and Pamela J.   Case No. _____

**Debtor**   (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules, and if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| 6895-1010-283199<br><br>Bank of America<br>PO Box 26078<br>Greensboro, NC 27420 | | Jt. | 2009, mortgage on residence<br><br>VALUE $ 655,000.00 | | | | 500,000.00 | 0 |
| 0637831790-0<br><br>CITIMORTGAGE<br>PO Box 183040<br>Columbus, OH 43218-3040 | | Jt. | 2009, mortg. on residence<br><br>VALUE $ | | | | 179,000.00 | 0 |
| 143948362<br><br>Honda Financial Services<br>PO Box 5308<br>Elgin, IL 60121-5308 | | W | '11 Honda CRV, lease<br><br>VALUE $ 20,000.00 | | | | 25,100.00 | 0 |
| | | | Subtotal<br>(Total of this page) | | | | $704,100.00 | $0.00 |
| | | | Total<br>(Use only on last page) | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

__1__ continuation sheets attached

In Re: _____ WEINER, Garry A., and Pamela _____ Case no. _____
Debtor                                                                (if known)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| 4001353769<br><br>BMW North America<br>300 Chestnut Ridge Rd.<br>Woodcliff Lake, NJ 07677-7731 | | H | '11 BMW328i, lease<br><br>VALUE $ 20,000.00 | | | | 25,450.00 | 0 |
| 860391475<br><br>Audi Financial Services<br>PO Box 5215<br>Carol Stream, IL 60197-5215 | X | | '06 Audi, son Zachary's car<br><br>VALUE $ 3,000.00 | | | | 3,600.00 | 0 |
| 11 SC 08064 / ref. 68226470<br><br>Freedman Anselmo.../ Target National Bank<br>1771 W. Diehl Rd., Ste 150<br>Naperville, IL 60566-7228 | | | Target v. Pamela Weiner, JGMT<br><br>VALUE $ 0 | | | X | 5,266.00 | 0 |
| 11 SC 06057 /ref. ref. 6814753<br><br>Freedman Anselmo.../ Target National Bank<br>1771 W. Diehl Rd., Ste 150<br>Naperville, IL 60566-7228 | | | Target v. Garry Weiner, JGMT<br><br>VALUE $ 0 | | | X | 8,699.00 | 0 |
| 3774 680202 59044<br><br>Bank of America<br>PO Box 851001<br>Dallas, Tx 75285 | | | BOA v. Weiner, on cred. card jgmt<br><br>VALUE $ 0 | | | X | 27,012.00 | 0 |
| 12 AR 586<br><br>Blitt & Gaines / Bank of Amer /FIAA Cd Services<br>661 Glen Ave.<br>Wheeling, IL 60090 | | | on above Bank of America Jgmt<br><br>VALUE $ 0 | | | X | 0 | 0 |
| 12 AR 561<br><br>CKB Firm /Amer Exp.<br>30 N. LaSalle, 1520<br>Chicago, IL 60602 | | | Jgmt on AmerExp v. Garry Weiner<br><br>VALUE $ 0 | | | X | 14,592.00 | 0 |
| | | | | | | Subtotal<br>(Total of this page) | $84,619.00 | $0.00 |
| | | | | | | Total<br>(Use only on last page) | $788,719.00 | |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entitires holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily conusmer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extend provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer of fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTR, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___0___  continuation sheets attached

In Re: _____ WEINER, Garry A., and Pamela _____ Case No. _____
                          **Debtor**                                    (if known)

Student Loans and Court Costs
Type of Priority

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred, and Consideration for Claim | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, If Any |
|---|---|---|---|---|---|---|---|---|---|
| _337501381_____<br>US Dept. of Education, Direct Loan Serv. Center<br>PO Box 5909<br>GreenVille, TX 75403-5609 | X | | 2009, for son Joshua, Student Loans | | | | 16,950.00 | 16,950.00 | 0 |
| _5431108432<br>Mohela, Dept of Ed Servicer (St. Loans)<br>633 Spirit Dr.<br>Chesterfield, MO 63005-1243 | X | | 2009- st. loans of son, Joshua | | | | 14,400.00 | 14,400.00 | 0 |
| _08791FECR10105_____<br>Iowa Courts, Poweshiek County<br>PO Box 218<br>Montezuma, IA 50171 | | | bal. of costs due | | | | 1,100.00 | 1,100.00 | 0 |
| _12056_____<br>Lake County Court Clerk<br>18 N. County St.<br>Waukegan, IL 60085 | | | bal. of court costs | | | | 1,760.00 | 1,760.00 | 0 |
| Account Number: _____ | | | | | | | | | |
| Account Number: _____ | | | | | | | | | |
| | | | Subtotal<br>(Total of this page) | | | | $34,210.00 | $34,210.00 | $0.00 |
| | | | Total<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | | | | $34,210.00 | | |
| | | | Totals<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | $34,210.00 | |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

In Re: _____ WEINER, Garry A., and Pamela B. _____    Case No. _____
                                    **Debtor**                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 1660B-0146349AAH<br><br>Norton Shore Labs<br>9851 Eagle Way<br>Chicago, IL 60678 | | W | 2010, to collection, uninsured med. | | | | 350.00 |
| -37406<br><br>UPP Inc. (Dr. Anker)<br>PO Box 2662<br>Buffalo, NY 14240 | | | sons Uninisured med. | | | | 9,994.00 |
| 10785, 15071,10677<br><br>Drs. Rodbro & Galliani<br>400 Lake Cook Rd., #115<br>Deerfield, IL  14240 | | | son, husband and wife, uninsured med. | | | | 1,590.00 |
| D2740<br><br>North Shore Women's Health Assoc.<br>767 Park Ave.<br>Highland Park, IL 60035 | | | wife's uninsured med. | | | | 599.00 |
| | | | | | | Subtotal | $12,533.00 |
| | | | | | | Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

__5__ continuation sheets attached

Official Form 6F (12/07)

In Re:  WEINER, Garry A., and Pamela B.  Case No. _____
                **Debtor**                                    (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 1975211037<br><br>Medical Recovery Speclsts<br>North Shore University Health System<br>23056 Network Place<br>Chicago, IL 60673 | | | wife's unin. med | | | | 158.00 |
| 10053477<br><br>Pinnacle Management Services for North Shore<br>514 Market Loop, 103<br>West Dundee, IL 60118 | | | wife's unin. med. | | | | 579.00 |
| 24-4276691<br><br>North Shore University Health System/Anesthesia<br>9609 Eagle Way<br>Chicago, IL 60678 | | | wife's unin. med. | | | | 172.00 |
| D2740<br><br>North Shore Womens Health System<br>767 Park Ave., West, 240<br>Highland Park, IL 60035 | | | wife's unin. med. | | | | 261.00 |
| 10118424<br><br>North Shore University Health System/Pinnacle<br>23056 Network Place<br>Chicago, IL 60673 | | | wife's unin. med. | | | | 1,199.00 |
| 43-736-274-249-0<br><br>Macy's /ARS<br>PO Box 689195<br>Des Moines, IA 50368 | | | misc. credit purchases | | | | 2,444.00 |
| 00008482937<br><br>Target<br>PO Box 660170<br>Dallas, TX 75266 | | | misc. credit purchases | | | | 7,501.00 |
| | | | | | | Subtotal | $12,314.00 |
| | | | | | | Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

Sheet no. _1_ of _5_  continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Official Form 6F (12/07)

In Re: WEINER, Garry A., and Pamela S.      Case No. _____

**Debtor**        (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 43-324-823-213-0<br><br>Macy's<br>PO Box 689195<br>Des Moines, IA 50368 | | | misc. credit purchases | | | | 1,478.00 |
| 4227-6510-2365-1575<br><br>BP/Chase<br>PO Box 15753<br>Wilmington, DE 19886 | | | misc. gas purchases | | | | 2.355.00 |
| 0437-7647-4330<br><br>Neiman Marcus<br>PO Box 5235<br>Carol Stream, IL 60197 | | | misc. credit purchases | | | | 6,119.00 |
| 00029204938<br><br>Target<br>PO Box 660170<br>Dallas, TX 75266 | | | misc. credit purchases | | | | 7,479.00 |
| 43-765-809-887-0<br><br>Macy's<br>PO Box 689195<br>Des Moines, IA 50368 | | | misc. credit purchases | | | | 1,699.00 |
| 6019 1815 0125 0462<br><br>GE Money Bank / Encore Rec.<br>PO Box 96001<br>Orlando, FL 32896 | | | glasses | | | | 1,499.00 |
| 3774-680202 59044:<br><br>Bank of America<br>PO Box 851001<br>Dallas, TX 75285 | | | sons's med. and pharm. credit purchases -Collection Action filed | | | | 27,012.00 |

Subtotal    $45,288.35

Total
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Sheet no. __2__ of __5__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In Re: _____WEINER, Garry A., and Pamela S._____    Case No. _____
            **Debtor**    (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 5466-1600-1498-5376<br><br>Citicard / MC<br>Processing Center<br>DesMoines, IA 50362 | | | misc. credit purchases | | | | 99,936.00 |
| 6011 3610 0807-6879<br><br>Sams Club<br>PO Box 960013<br>Orlando, FL 32896 | | | misc. credit purchases | | | | 8,752.00 |
| 1-43004<br><br>Costco/ American Express<br>PO Box 0001<br>Los Angeles, CA 90096 | | | misc. credit purchases -Collection action filed | | | | 14,955.00 |
| 5780 9799 2184 6804<br><br>J.Jill<br>PO Box 659622<br>San Antonio, TX 78265 | | | misc. credit purchases | | | | 352.00 |
| 4037 6930 0006 7158<br><br>US Bank<br>PO Box 790408<br>St. Louis, MO 63179-0408 | | | overdraft acct. | | | | 7,244.00 |
| 7942625<br><br>Medical Recovery Spcl.<br>2250 E. Devon St., 352<br>DesPlaines, IL 60018 | | | uninsured med. | | | | 1,855.00 |
| 5466 1600 2484 7640<br><br>Citicard  ARS National Services<br>PO Box 6000<br>TheLakes, NV 89163 | | | misc. credit purchases | | | | 99,066.00 |

Subtotal $232,160.00

Total
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Sheet no. __3__ of __5__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Official Form 6F (12/07)

In Re: _____WEINER, Garry A., and Pamela B._____   Case No. _____
          **Debtor**   (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim.  If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 4037698062005160<br><br>US Bank<br>PO Box 790408<br>St. Louis, MO 63179-0408 | | | son' Zachary's account,<br>Legal Action has been filed | | | | 5,119.00 |
| 849909594<br><br>VW Credit /Dept. 129601<br>PO Box 6700<br>Detroit, MI 48267 | | | misc. credit purchases | | | | 399.00 |
| VW Credit/Vital REcovery Services<br>PO Box 923748<br>Norcross, BA  30010-3748 | | | collection on above matter | | | X | 0 |
| 12 AR 561  /3712 78 1001 43004<br><br>Chaet Kaplan Baim /Costco<br>30 N. LaSalle St., 1520<br>Chicago, IL 60602 | | | American Express v. Weiner - | | | X | 15,180.00 |
| 12 AR 586<br><br>Blitt & Gaines  /Bank of Amer<br>661 Glen Ave.<br>Wheeling, IL 60090 | | | FIA Card Sedrvices v. Weiner /unins. medical<br><br>SEE Bank of Amer | | | X | 0 |
| 66360<br><br>Hayek, Brown, Moreland & Smith<br>120 E. Washington St.<br>Iowa City, IA  52240 | | | attorney fees | | | | 6,900.00 |
| 11SC8064<br><br>Friedman, Anselmo<br>PO Box 3228<br>Naperville, IL 60566-7228 | | | Target v. Weiner | | | X | 5,627.00 |

|  | Subtotal | $33,225.00 |
|---|---|---|
|  | Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

Sheet no.  _4_  of  _5_   continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Official Form 6F (12/07)

In Re: __WEINER, Garry A., and Pamela B.__ Case No. _____
        **Debtor**         (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 015032545 / -3213<br><br>Client Services Inc.<br>3451 Harry Truman Blvd.<br>St. Charles, MO 63301-4047 | | | ///DSNB misc. purchases | | | | 1,566.00 |
| xxx1515 / 2424277<br><br>MRS Assoc. / Chase Bank USA NA /BP<br>1930 Olney Ave.<br>Cherry Hill, NJ 08003 | | | misc. auto gas BP purchases | | | | 2,400.00 |
| -846-804<br><br>COmenity Bank<br>PO Box 183044<br>Columbus, OH 43218-3044 | | | added credit charges | | | | 430.00 |
| xxxx7083<br><br>Enhanced Recovery Co.<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256-7412 | | | Comcast Cable/Internet -disputed | | | X | 386.00 |
| 510017485 / 47623<br><br>First Midwest Bank<br>725 Waukegan Rd.<br>Deerfield, IL 60015 | | | bus. credit line (to be reaffirmed?) | | | | 8,249.00 |
| 510003585<br><br>First Midwest Bank<br>725 Waukegan Rd.<br>Deerfield, IL 60015 | | | bus. credit line (to be reaffirmed?) | | | | 147,189.00 |
| bus.<br><br>Prographics<br>4404 Boeing Dr.<br>Rockford, IL 61109 | | | bus. purchases (to be reaffirmed?) | | | | 869.00 |
| | | | | | Subtotal | | $161,089.00 |
| | | | | | Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical<br>Summary of Certain Liabilities and Related Data.) | | $496,609.35 |

Sheet no. __5__ of __5__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In Re:    WEINER, Garry A., and Pamela S.                                    Case No.
                    **Debtor**                                                          (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| bus. <br> Badger Press <br> 7325 30th Ave. <br> Kenosha, WI 53141 | | | bus. purchases (to be reaffirmed?) | | | | 2,501.00 |
| bus. <br> Northbrook Office Court <br> 666 Dundee Rd. <br> Northbrook, IL 60061 | | | bus. purchases (to be reaffirmed?) | | | | 2,706.00 |
| bus <br> Foste Packaging / STA International / Fox Pak <br> 1400 Country Rd., #411 <br> Westbury, NY 11590 | | | bus. purchases (to be reaffirmed?) | | | | 17,859.00 |
| bus. <br> Ravid & Bernstein <br> 230 W. Monroe St., 330 <br> Chicago, IL 60606-4701 | | | bus. purchases (to be reaffirmed?) | | | | 33,326.00 |
| bus. <br> The Benefits Consulting Group <br> 52 W. Jackson Blvd., 1250 <br> Chicago, IL 60604 | | | bus. purchases (to be reaffirmed?) | | | | 1,556.00 |
| ssn <br> NCInc. <br> 3601 Algonquin Rd., 232 <br> Rolling Meadows, IL | | | uninsured med./anesth. | | | | 449.00 |
| inv. 541 <br> Service Master <br> PO Box 2132 <br> Kenosha, WI 53141 | | | incomplete cleanup | | | X | 2,649.00 |

Subtotal    $61,046.00

Total
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (12/07)

In Re: ___WEINER, Garry A., and Pamela B.___   Case No. _____
          **Debtor**                                              (if known)

| Creditor's Name and Mailing Address Including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 826875519<br>AT&T Mobility<br>PO Box 6463<br>Carol Stream, IL 60197 | | | cell phone account | | | | 319.00 |
| 8472917950538<br>AT &T /EOS  CCA<br>666 Dundee Rd.<br>Northborrk, IL 60052 | | | land line account | | | | 272.00 |
| 8472917950538<br>EOS  CCA / AT & T<br>PO Box 296<br>Norwell, MA 02061 | | | AT&T land line collections | | | | 0 |
| -1381,-9246<br>Ravid & Berstein, was Jesser Ravid<br>150 N. Wacker<br>Chicago, IL 60606 | | | accounting services | | | | 34,000.00 |
| Account Number: | | | | | | | |
| Account Number: | | | | | | | |
| Account Number: | | | | | | | |

|  | |
|---|---|
| Subtotal | $34,591.00 |
| Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $592,246.35 |

Sheet no. _7_ of _7_ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Official Form 6G (12/07)

In Re: _____WEINER, Garry A., and Pamela W._____      Case No. _____
                        **Debtor**                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of Any Government Contract |
|---|---|
| 1.  BMW Leasing<br>     300 Chestnut Ridge Rd.<br>     Woodcliff Lake, NJ 07677 | auto lease on Garry W. vehicle |
| 2.  Honda Financial Services<br>     PO Box 17497<br>     City of Industry, CA 91716 | auto lease on Pamela W. vehicle |

Official Form 6H (12/07)

In Re:    _____WEINER, Garry A., and Pamela_____    Case No. _____
                                                        **Debtor**                                                (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth,or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☐    Check this box if debtor has no codebtors.

| Name and Mailing Address of Codebtor | Name and Mailing Address of Creditor |
|---|---|
| 1.  son, Zachary Weiner<br>    1525 Woodland Dr.<br>    Deerfield, IL 60015 | 1.    Audi Financial Services<br>    PO Box 5215<br>    Carol Stream, IL 60197 |
| 2.    son, Joshua Weiner<br>    1525 Woodland Dr.<br>    Deerfield, IL 60015 | 2.    Mohela, Dept of Ed Servicer (St. Loans)<br>    633 Spirit Dr.<br>    Chesterfield, MO 63005-1243 |
| 3.  son, Joshua | 3.    US Dept. of Education, Direct Loan Serv. Center<br>    PO Box 609 |
| 4. son, Zachary Weiner<br>    (shown above) | 4.    US Bank<br>     PO Box 79048<br>    St. Louis, MO  63179-0408 |

In Re: _____WEINER, Garry A., and Pamela_____    Case No. _____
            **Debtor**                                                                          (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP        son, Zachary, disabled    AGE    28 | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | self-employed, marketing | marketing, cooking, consulting |
| Name of Employer | GAD | Material Possessions |
| How Long Employed | 20+yrs | 10+yrs |
| Address of Employer | home: 1525 Woodland Dr., Deerfield, IL 60015 | 954 Greenbay Rd. Winnetka, IL 60093 |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 3,625.00 | $ | 2,000.00 |
| 2. Estimated monthly overtime | $ | | $ | |
| 3. SUBTOTAL | $ | 3,625.00 | $ | 2,000.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 519.00 | $ | 200.00 |
| b. Insurance | $ | 215.00 | $ | |
| c. Union dues | $ | | $ | |
| d. Other (Specify): | $ | | $ | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 734.00 | $ | 200.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,891.00 | $ | 1,800.00 |
| 7. Regular income from operation of business or profession or firm (Attach detailed statement) | $ | | $ | |
| 8. Income from real property | $ | | $ | |
| 9. Interest and dividends | $ | | $ | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ | |
| 11. Social security or other government assistance (Specify): | $ | | $ | |
| 12. Pension or retirement income | $ | | $ | |
| 13. Other monthly income Specify: | $ | | $ | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,891.00 | $ | 1,800.00 |
| 16. TOTAL COMBINED MONTHLY INCOME | $ | 4,691.00 | | |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In Re:    _____    Case No. _____
WEINER, Garry A., and Pamela A.
**Debtor**    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,902.00 |
|     a. Are real estate taxes included? ☐ Yes ☒ No | | |
|     b. Is property insurance included? ☐ Yes ☒ No | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 625.00 |
|     b. Water and sewer | $ | 71.00 |
|     c. Telephone | $ | 319.00 |
|     d. Other | $ | 224.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 150.00 |
| 4. Food | $ | 425.00 |
| 5. Clothing | $ | 15.00 |
| 6. Laundry and dry cleaning | $ | 30.00 |
| 7. Medical and dental expenses | $ | 20.00 |
| 8. Transportation (not including car payments) | $ | 480.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines | $ | 0 |
| 10. Charitable contributions | $ | 0 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renters | $ | 262.50 |
|     b. Life | $ | 274.16 |
|     c. Health | $ | 161.00 |
|     d. Auto | $ | 465.98 |
|     e. Other | $ | 0 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | $ | 1,564.00 |
|     Specify: | | |
|     annual real estate taxes are $18,768.00 /12 | | |
| 13. Installment payments: (In chapter 11, 12 or 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 1,049.00 |
|     b. Other  they were assisting disabled son, Zach with car payment, but can't further | $ | |
|     c. Other | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other | $ | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.) | $ | 9,037.64 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 4,691.00 |
| b. Average monthly expenses from Line 18 above | $ | 9,037.64 |
| c. Monthly net income (a. minus b.) | $ | -4,346.64 |

In Re:  WEINER, Garry A., and Pamela S. Weiner                    Case No.
_____
                    Debtor                                    (if known)

# DECLARATION CONCERNING DEBTOR(S) SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 26 sheets (total shown on summary page plus 2), and that they are true and correct to the best of my knowledge, information, and belief.

| 6/19/13 | /s/Garry A. Weiner |
|---|---|
| Date | Signature of Debtor |
| 6/19/13 | /s/Pamela S. Weiner |
| Date | Signature of Joint Debtor |

* * * * * *

### DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

_____
Address

X _____          _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless te bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*   11 U.S.C. § 110; 18 U.S.C. § 156.

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, _____ named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary of schedules, consisting of  sheets (total shown on summary page plus 1), and that the are true and correct to the best of my knowledge, information, and belief.

_____          _____
Date                                   Signature of Authorized Individual

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.

Weiner Page 1

B7(Official Form 7)(12/07)    Case 13-28429    Doc 1    Filed 07/16/13    Entered 07/16/13 12:19:04    Desc Main
Document    Page 36 of 67

FORM 7. STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re:          WEINER, Garry A., and Pamela S.                    Case No. _____

**Debtor**                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfer and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None", mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

———————————————

None    ☐    **1. Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Source |
|---|---|
| $3625.00/Gross/mo. - Garry's business | Garry Alan Design, Inc. |
| $$2000.00/Gross/mo. - Pam's business | Material Possessions |

**2. Income other than from employment or operation of business**

None  ☒   State the amount of income received by the debtor other than from employment, trade, profession, or operation of the
debtor's business during the two years immediately preceding the commencement of this case.  Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

| Amount | Source |
|--------|--------|

### 3.  Payments to creditors

None  ☒   a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases
of goods or services, and other debts, aggregating more than $600 to any creditor, [except for a debt on account
of a domestic support obligation,] made within 90 days immediately preceding the commencement of this case.
Indcate with an * any payments that were made to the creditor on account of a domestic support obligation or as
part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling
agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Nane and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|------------------------------|-------------------|-------------|--------------------|

None  ☒   b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*)
any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counselig agency. (Married
debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Creditor | Dates of Payments/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|------------------------------|------------------------------|-----------------------------------|--------------------|

None    ☒    c. All debtors: List all payment made within one year immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or
chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|

#### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None    ☐    a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| American Express v. Garry Weiner, 12 AR 561 | collection on cr. card | Lake County, IL | citation has issued on jgm |
| FIA Card Services v. Pam Weiner, 12 AR 586 | collection on cr. card | Lake County, IL | citation on jgmt |
| Target v. Garry Weiner, 11 SC 6057 | collection on cr. card | Lake County, IL | Jgmt entered 5/20/13 |
| Target v. Pam Weiner, 11 SC 8064 | collection on cr. card | Lake County, IL | Jgmt entered 5/20/13 |
| v. Weiner,  08791FECR10105 | court costs | Poweshiek County, IA | costs are due |

None  ☒  possession or property that has been attached, garnished or seized under any legal or equitable process within one
year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter
13 must include information concerning property of either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

Name and Address of Person for Whose        Date of                    Description and
Benefit Property was Seized                 Seizure                    Value of Property

### 5.  Repossessions, foreclosures and returns

None  ☒  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Name and Address of                 Date of Repossession,
Creditor or Seller                  Foreclosure Sale,            Description and Value
                                    Transfer or Return           of Property

**61. Assignments and receiverships**

None  ☒  a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment
by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
| --- | --- | --- |

None  ☒  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court Case Title & Number | Date of Order | Description and Value of Property |
| --- | --- | --- | --- |

**7. Gifts**

None ☒   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

### 8.  Losses

None ☒   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, if Loss was Covered in Whole or in Part by Insurance, Give Particulars. | Date of Loss |
|---|---|---|

### 9.  Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if other than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| Frank M. Valenti, Esq. John R. Mack, Esq. 128 W. St. Charles Rd., Villa Park, IL 60181 | February, 2013 | $2,306.00, with $2,000 bal. due for extended hours |

10. Other transfers

None ☒ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of
the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
|---|---|---|

None ☒ b. List all property transferred by the debtor within ten years immediately preceding the commencement of this
case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value of Property or Debtor's Interest in Property |
|---|---|---|

## 11. Closed financial accounts

None ☒ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include
checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|

**12. Safe deposit boxes**

None ☒  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Name and Address of Bank or Other Depository | Names and Addresses of those with Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
|---|---|---|---|

**13. Setoffs**

None ☒  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

**14. Property held for another person**

None ☒  List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

**15. Prior address of debtor**

None ☒ If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Address                     Name Used                   Dates of Occupancy

**16. Spouses and former spouses**

None ☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

Name

**17.  Environmental information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None  ☒   a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None  ☒   b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

None  ☒   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

### 18.  Nature, location and name of business

None ☐

a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was a self-employed in a trade, profession, or other activity either full- or part-time within the six-years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this csae.

| Name, Address, Last Four Digits of Soc. Sec. No. Complete EIN or Other Taxpayer I.D. No. | Nature of Business | Beginning and Ending Dates |
|---|---|---|
| Garry A. Weiner Design (GAW), Inc. --1381 | marketing graphics design | 2004-2013 |
| Material Possessions,  -9246 | Garden/Home Stylist, and Catering | 2008-2103 |

None 

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

Name                                                                                           Address

The following questions are to be completed by every corporation or partnership and by any individual debtor
who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer,
directory, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner,
other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as
defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business
within those six years should go directly to the signature page.)

### 19. Books, records and financial statements

None ☐   a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this
bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| Ravid & Bernstein, LLP<br>230 W. Monroe St., 330<br>Chicago, IL 60606 | 2009, 2010, 2011 |

None ☒   b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case
have audited the books of account and records, or prepared a financial statement of this debtor.

| Name and Address | Dates Services Rendered |
|---|---|

None ☒   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of
account and records of the debtor. If any of the books of account and records are not available, explain.

| Name and Address |
|---|

None ☒   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| Name and Address | Date Issued |
|---|---|

**20. Inventories**

None  ☒   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
           of each inventory, and the dollar amount and basis of each inventory.

|  | | Amount of Inventory |
| Date of Inventory | Inventory Supervisor | (Specify cost, market or other basis) |
| --- | --- | --- |

None  ☒   b.  List the name and address of the person having possession of the records of each of the two inventories
           reported in a., above.

| Date of Inventory | Name and Address of Custodian of Inventory Records |
| --- | --- |

### 21.  Current Partners, Officers, Directors and Shareholders

None  ☐   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
           partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
| --- | --- | --- |
| -sole owner corporation | | |

None  ☒   b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly
           or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

|  | | Nature and Percentage |
| Name and Address | Title | of Stock Ownership |
| --- | --- | --- |

22. Former partners, officers, directors and shareholders

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately
preceding the commencement of this case.

Name and Address                                                                        Date of Withdrawal

None ☒    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
within one year immediately preceding the commencement of this case.

Name and Address                                       Title                              Date of Termination

**23. Withdrawals from a partnership or distributions by a corporation**

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider
including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during
one year immediately preceding the commencement of this case.

Name and Address of Recipient,                                                          Amount of Money
Relationship to Debtor                         Date and Purpose of Withdrawal            and Value of Property

**24. Tax consolidation group**

None ☒    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period
immediately preceding the commencement of this case.

Name of Parent Corporation                                                              Taxpayer Identification Number

**25. Pension funds**

None ☒    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to
which the debtor, as an employer, has been responsible for contributing at any time within the six-year period
immediately preceding the commencement of this case.

Name of Pension Fund                                                                    Taxpayer Identification Number

[If completed by an individual or individual and spouse.]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| 6/19/13 | X | /s/Garry A. Weiner |
|---|---|---|
| Date | | Signature of Debtor |

| 6/19/13 | X | /s/Pamela S. Weiner |
|---|---|---|
| Date | | Signature of Joint Debtor |

_____

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| | X | |
|---|---|---|
| Date | | Signature of Authorized Individual |
| | | , |
| | | Printed Name and Title |

**DECLARATION AND SIGNATURE OF BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

| | |
|---|---|
| Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer | Social-Security No. (Required by 11 U.S.C. § 110.) |

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person or partner who signs this document.*

_____

Address

| X | | |
|---|---|---|
| Signature of Bankruptcy Petition Preparer | | Date |

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless te bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.   11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re: _____ WEINER, Garry A., and Pamela S. _____    Case No. _____

**Debtor**    (if known)

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No. 1**

**Creditor's Name:**
Citimortgage

**Describe Property Securing Debt:**
residence

Property will be (check one):

☐ Surrendered         ☒ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☒ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☒ Claimed as exempt         ☐ Not claimed as exempt

---

**Property No. 2 (if necessary)**

**Creditor's Name:**
Bank of America

**Describe Property Securing Debt:**
residence

Property will be (check one):

☐ Surrendered         ☒ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☒ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☒ Claimed as exempt         ☐ Not claimed as exempt

PART B - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attached additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>BMW Lease | **Describe Leased Property:**<br>BMW, 2011 | Leased will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☒  Yes  ☐  No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:**<br>Honda Financial | **Describe Leased Property:**<br>Honda, 2011 | Leased will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☒  Yes  ☐  No |

| Property No. 3 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Leased will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐  Yes  ☐  No |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

6/19/13
Date

X   /s/Garry A. Weiner
Signature of Debtor

X   /s/Pamela S. Weiner
Signature of Joint Debtor

In Re:    WEINER, Garry A., and Pamela     Case No.

          **Debtor**                (if known)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois, Eastern Division

### STATEMENT
### Pursuant to Rule 2016(b)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that the compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with this bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 4.306.00 |
| Prior to the filing of this statement I have received | $ | 2,306.00 |
| Amount of filing fee in this case paid | $ | 306.00 |
| Balance Due | $ | 2,000.00 |

2.   The source of the compensation paid to me was:

    ☐ Debtor(s)      ☒ Other     (Specify: combined extended family )

3.   The source of the compensation to be paid to me is:

    ☐ Debtor(s)      ☒ Other     (Specify: combined extended family )

4. ☒   I have not agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    ☒ Analysis of the debtor(s) financial situation, and rendering advice to the debtor(s) in determining whether to file a petition in bankruptcy under title 11 of the United States Code.
    ☒ Preparation and filing of any petition, schedules, statements, and plan which may be required.
    ☒ Representation of the debtor(s) at the meeting of creditors.
    ☐ Negotiation of reaffirmation or surrender of secured collateral.
    ☐
    ☐

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    Civil Actions and negotiation over REAFFirmations, and all other matters billed on hourly basis.

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

6/17/13                           X    /s/ John R. Mack

_____           _____
Date

Case 13-28429    Doc 1    Filed 07/16/13    Entered 07/16/13 12:19:04    Desc Main
Document    Page 54 of 67

In re ___Garry and Pamela WEINER___
             Debtor(s)

Case Number: _____
                (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ The presumption arises.
☒ The presumption does not arise.
☐ The presumption is temporarily inapplicable.

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single sttement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

## Part I. MILITARY AND NON-CONSUMER DEBTORS

| | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part 1A, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. § 901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII.   **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.**   By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>        a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>           ☐ I remain on active duty /or/<br>           ☐ I was released from active duty on , which is less than 540 days before<br>this bankruptcy case was filed;<br>           OR<br>        b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>           ☐ I performed homeland defense activity for a period of at least 90 days, terminating on<br>, which is less than 540 days before this bankruptcy case was filed. |

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only Column A ("Debtor's Income") for Lines 3-11.<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.<br>d. ☒ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11. | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's**<br>**Income** | **Column B**<br>**Spouse's**<br>**Income** |
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | 3,625.00 | 2,000.00 |
| 4 | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V.<br><br>a. Gross receipts<br>b. Ordinary and necessary business expenses<br>c. Business income — Subtract Line b from Line a | | |
| 5 | Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.<br><br>a. Gross receipts<br>b. Ordinary and necessary operating expenses<br>c. Rent and other real property income — Subtract Line b from Line a | | |
| 6 | Interests, dividends, and royalties. | | |
| 7 | Pension and retirement income. | | |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | | |
| 9 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor    Spouse | | |

| | | | |
|---|---|---|---|
| 10 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as victim of international or domestic terrorism. | | |
| | a. | | |
| | b. | | |
| | Total and enter on Line 10 | | |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | 3,625.00 | 2,000.00 |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | 5,625.00 | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. | 67,500.00 |
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter the debtor's state of residence: Illinois    b. Enter debtor's household size: 3 | 68,730.00 |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed.<br><br>☒ The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. | |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | Enter the amount from Line 12. | 5,625.00 |
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a. | |
| | b. | |
| | c. | |
| | Total and enter on Line 17. | |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | 5625.00 |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | National Standards: food, clothing and other items. Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 1,234.00 |

| | | |
|---|---|---|
| 19B | National Standards: health care. Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members should equal the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 aned older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | 180.00 |

| Household members under 65 years of age | | Household members under 65 years of age | |
|---|---|---|---|
| a1. | Allowance per member | 60.00 | a1. | Allowance per member | |
| b1. | Number of members | 3 | b1. | Number of members | |
| c1. | Subtotal_____ | 180.00 | c1. | Subtotal_____ | 0.00 |

| | | |
|---|---|---|
| 20A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 0.00 |

| | | |
|---|---|---|
| 20B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. Do not enter an amount less than zero. | 1882.00 |

| a. | IRS Housing and Utilities Standards; mortgage/rental | 1,882.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your if any, as stated in Line 42 | 0 |
| c. | Net mortgage/rental expense_____ | Subtract Line b from Line a_____ |

| | | |
|---|---|---|
| 21 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 20A 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br>actual monthly mortgage, RE tax and Insur. are $3128 | 1,246.00 |

| | | |
|---|---|---|
| 22A | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0  ☐ 1  ☒ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court. | 0 |

| | | |
|---|---|---|
| 22B | Local Standards: transportation; additional public transportation expense. If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 0 |

| | | |
|---|---|---|
| 23 | Local Standards: transportation ownership/lease expense; Vehicle 1. Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☒ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. Do not enter an amount less than zero.<br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>262.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by as stated in Line 42</td><td>0</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1_____</td><td>Subtract Line b from Line a___</td></tr></table> | 262.00 |
| 24 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. Do not enter an amount less than zero.<br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>564.00</td></tr><tr><td>b.</td><td>Average Monthly Payments for any debts secured by as stated in Line 42</td><td>0</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2_____</td><td>Subtract Line b from Line a___</td></tr></table> | 564.00 |
| 25 | Other Necessary Expenses; taxes. Enter the total average monthly expenses that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | 934.00 |
| 26 | Other Necessary Expenses: involuntary deductions for employment. Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as voluntary 401(k) contributions. | 0 |
| 27 | Other Necessary Expenses: life insurance. Enter total average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | 274.00 |
| 28 | Other Necessary Expenses: court-ordered payments. Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. Do not include payments on past due support obligations included in Line 44. | 100.00 |
| 29 | Other Necessary Expenses: education for employment or for a physically or mentally challenged child. Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | 50.00 |
| 30 | Other Necessary Expenses: childcare. Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | 0 |
| 31 | Other Necessary Expenses: health care. Enter the total average monthly amount that you actually expend on health care expenses that is required for the health and welfare of yourself or your dependents and that is reimbursed by insurance or paid by a health savings account. Do not include payments for health insurance or health savings accounts listed in Line 34. | 40.00 |
| 32 | Other Necessary Expenses: telecommunication services. Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously de- | 543.00 |
| 33 | Total Expenses Allowed under IRS Standards. Enter the total of Lines 19 through 32. | 7,309.00 |

| | **Subpart B: Additional Expense Deductions under § 707(b)** <br> **Note: Do not include any expenses that you have listed in Lines 19-32** | |
|---|---|---|
| 34 | Health Insurance, Disability Insurance and Health Savings Account Expenses. List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>215.00</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>0</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>0</td></tr></table> Total and enter on Line 34 <br><br> If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below: <br> $ _____ | 215.00 |
| 35 | Continued contributions to the care of household or family members. Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | 100.00 |
| 36 | Protection against family violence. Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | 0 |
| 37 | Home energy costs. Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary. | 0 |
| 38 | Education expenses for dependent children less than 18. Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | 0 |
| 39 | Additional food and clothing expense. Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) You must demonstrate that the additional amount claimed is reasonable and necessary. | 10.00 |
| 40 | Continued charitable contributions. Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | 0 |
| 41 | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 34 through 40 | 325.00 |

| | Subpart C: Deductions for Debt Payment | |
|---|---|---|

| 42 | Future payments of secured claims. For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | 2802.00 |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | Citimortgage | residence | 1,802.00 | ☐ yes ☒ no |
| b. | Bank of Amer | residence | 1,000.00 | ☐ yes ☒ no |
| c. | | | | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and | |

| 43 | Other payments on secured claims. If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession of foreclosure List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | 0 |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total: Add Lines a, b, and c |

| 44 | Payments on prepetition priority claims. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. Do not include current obligations, such as those set out in Line 28. | 0 |

| 45 | Chapter 13 administrative expenses. If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | 0 |

| a. | Projected average monthly Chapter 13 plan payment. | |
|---|---|---|
| b. | Current multiplier for your district as determined under rules issued by the Executive Office for United States (This information is available at www.usdoj.gov/ust/ or the clerk of the bankruptcy court.) | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| 46 | Total Deductions for Debt Payment. Enter the total of Lines 42 through 45. | 2,802.00 |

| | Subpart D: Total Deductions from Income | |
|---|---|---|

| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | 10,436.00 |

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | 5,625.00 |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | 10,436.00 |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result. | -4811.00 |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | -4811.00 |
| 52 | Initial presumption determination. Check the applicable box and proceed as directed.<br>☒ The amount on Line 51 is less than $6,575. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ The amount set forth on Line 51 is more than $10,950. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ The amount on Line 51 is at least $6,575, but not more than $10,950. Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | Enter the amount of your total non-priority unsecured debt | 592,246.35 |
| 54 | Threshold debt payment amount. Multiply the amount in Line 53 by the number 0.25 and enter the result. | 148061.59 |
| 55 | Secondary presumption determination. Check the applicable box and proceed as directed.<br>☒ The amount on Line 51 is less than the amount on Line 54. Check the ox for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ The amount on Line 51 is equal to or greater than the amount on Line 54. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

| | Part VII: ADDITIONAL EXPENSE CLAIMS | |
|---|---|---|
| 56 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be a additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total: Add Lines a, b, and c | |

| | Part VIII: VERIFICATION |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. (If this is a joint case, both debtors must sign.)<br>Date: 6/19/13      Signature: /s/Garry A. Weiner<br>Date: 6/19/13      Signature: /s/Pamela S. Weiner |

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re:       WEINER, Garry A., and Pamela S.       Case No. _____

                  **Debtor**                                                    (if known)

## VERIFICATION OF CREDITOR MATRIX

      The above named debtor(s), or debtor's attorney if applicable, do hereby certify under

penalty of perjury that the attached Master Mailing List of creditors, consisting of 10 sheet(s) is

complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy

Rules and I/we assume all responsibility for errors and omissions.


_____6/17/13_____             **/s/ John R. Mack**_____
           Date                                **Signature of Attorney**


**/s/Garry A. Weiner**_____       **/s/Pamela S. Weiner**_____
    **Signature of Debtor**                          **Signature of Joint Debtor**


_____
   **Signature of Authorized Individual**

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re:      WEINER, Garry A., and Pamela S.                    Case No. _____

 **Debtor**                                                          (if known)

### VERIFICATION OF MAILING LIST

The Debtor(s) certifies that the attached mailing list (only one option may be selected per form):

☒      is the first mail matrix in this case.

☐      adds entities not listed on previously filed mailing list(s).

☐      changes or corrects name(s) and address(es) on previously filed mailing list(s).

☐      deletes name(s) and address(es) on previously filed mailing list(s).

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct.


| 6/17/13 | /s/ John R. Mack |
|---|---|
| Date | **Signature of Attorney** |


| /s/Garry A. Weiner | /s/Pamela S. Weiner |
|---|---|
| **Signature of Debtor** | **Signature of Joint Debtor** |

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois, Eastern Division

In Re:        WEINER, Garry A., and Pamela S.                    Case No. _____

                        **Debtor**                                                  (if known)

                                                                Chapter                    7

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| | (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agent, or department of creditor familiar with claim who may be contacted. | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff. | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 1 | First Midwest Bank<br>725 Waukegan Rd.<br>Deerfield, IL 60015 | | | | 147,189.00 |
| 2 | Citicard / MC<br>Processing Center<br>DesMoines, IA 50362 | | | | 99,936.00 |
| 3 | Citicard  ARS National Services<br>PO Box 6000<br>TheLakes, NV 89163 | | | | 99,066.00 |
| 4 | Ravid & Berstein, was Jesser Ravid<br>150 N. Wacker<br>Chicago, IL 60606 | | | | 34,000.00 |

B4 (Official Form 4) (12/07)

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code of employee, agent, or department of creditor familiar with claim who may be contacted. | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff. | Amount of claim [if secured also state value of security] |
| 5 | Ravid & Bernstein 230 W. Monroe St., 330 Chicago, IL 60606-4701 | | | | 33,326.00 |
| 6 | Bank of America PO Box 851001 Dallas, TX 75285 | | | | 27,012.00 |
| 7 | Foste Packaging / STA International / Fox Pak 1400 Country Rd., #411 Westbury, NY 11590 | | | | 17,859.00 |
| 8 | US Dept. of Education, Direct Loan Serv. Center PO Box 5909 GreenVille, TX 75403-5609 | | | | 16,950.00 |
| 9 | Chaet Kaplan Baim /Costco 30 N. LaSalle St., 1520 Chicago, IL 60602 | | | | 15,180.00 |
| 10 | Costco/ American Express PO Box 0001 Los Angeles, CA 90096 | | | | 14,955.00 |
| 11 | Mohela, Dept of Ed Servicer (St. Loans) 633 Spirit Dr. Chesterfield, MO 63005-1243 | | | | 14,400.00 |
| 12 | UPP Inc. (Dr. Anker) PO Box 2662 Buffalo, NY 14240 | | | | 9,994.00 |

B4 (Official Form 4) (12/07)

| | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|
| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code of employee, agent, or department of creditor familiar with claim who may be contacted. | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff. | Amount of claim [if secured also state value of security] |
| 13 | Sams Club PO Box 960013 Orlando, FL  32896 | | | | 8,752.00 |
| 14 | First Midwest Bank 725 Waukegan Rd. Deerfield, IL 60015 | | | | 8,249.00 |
| 15 | Target PO Box 660170 Dallas, TX 75266 | | | | 7,501.00 |
| 16 | Target PO Box 660170 Dallas, TX 75266 | | | | 7,479.00 |
| 17 | US Bank PO Box 790408 St. Louis, MO 63179-0408 | | | | 7,244.00 |
| 18 | Hayek, Brown, Moreland & Smith 120 E. Washington St. Iowa City, IA  52240 | | | | 6,900.00 |
| 19 | Neiman Marcus PO Box 5235 Carol Stream, IL 60197 | | | | 6,119.00 |
| 20 | Friedman, Anselmo PO Box 3228 Naperville, IL 60566-7228 | | | Disputed | 5,627.00 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION

I, the undersigned authorized agent of the corporation named as the Debtor in this case, declare under penalty of perjury that I have read the foregoing "List of Creditors Holding 20 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information and belief.

_____          X _____
         Date                                          Signature of Authorized Individual

                                           _____
                                           Printed Name and Title